Brinkerhoff, J.
It is very dear that the structures, the removal of which is complained of in this case, were of such a character that, in the absence of any contract on the subject, they would, in law, constitute a permanent accession to the estate. And it will be seen that the state of fact disclosed in the pleadings, presents the question, Whether a tenant for life, can, by contract with his tenant, so far bind the remainderman, as to authorize the removal of such structures, by the under tenant, after the determination of the life estate ?
The case of White v. Arndt, 1 Wharton’s Rep. 91, is completely analagous, in every essential, and in almost every unessential particular, to the case before us, and is evidently well considered. It was there held, that:
1. “ Even as between landlord and tenant, fixtures erected by the latter, and which he is entitled to remove, must be removed during the term; after the expiration of the term, the tenant can neither remove them, nor recover their value from the landlord.
2. “ This rule prevails more strictly between tenant for life, or his lessee, and the remainderman; the latter of whom is not bound by any agreement between the tenant for life and *485 his lessee, under which the lessee may have erected buildings on the land.
3. “ The acceptance of rent from the lessee by the remainderman, will not be deemed a ratification of such agreement where it is collateral to the lease, and it does not appear that the remainderman was apprised of it.”
These rulings seem to us to be correct, and are decisive of the case before us. To repeat or paraphrase the reasoning of the supreme court of Pennsylvania in that case would be but useless labor.
The general rule is, that the tenant must remove fixtures put up by-him before he quits the possession, on the expiration of his lease; if not removed during the term, they become the property of the landlord. 2 Kent, 346; Taylor’s Landlord and Tenant, 90; Lyde v. Russell, 1 B. and Ad. 394; Reynolds v. Shuler, 5 Cowen, 323.
In the case of tenants for life and at will, however, whose terms, from the nature of the tenancy, are of uncertain duration, this rule is relaxed, and they, or their representatives, have been allowed the right to remove fixtures after the expiration of their term. Lawton v. Lawton, 3 Atk. 13. But cases of this kind have, so far as we can ascertain, been confined to fixtures which the tenant was entitled to remove as a matter of legal right, without reference to any contract on the subject; and White v. Arndt, above referred to, is a direct authority against the extension of such right of removal, after the expiration of the term, to things which can not be remove! except in virtue of a special contract.

Judgment reversed, and cause remanded.

Scott, C.J., and Sutliff and Gholson, JJ., concurred.
Peck, J., dissented.